# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEVIN TYRELL JARRETT,
>Appellant,

v.

OFFICE OF PERSONNEL
>MANAGEMENT,
>Agency.

DOCKET NUMBER
CH-0845-20-0306-I-1

DATE: April 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kevin Tyrell Jarrett</u>, Indianapolis, Indiana, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction because the Office of Personnel Management (OPM) had not issued a final decision. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we DENY the petition for review as the administrative judge correctly found that, at the time of the initial decision, the Board lacked jurisdiction over the appeal and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). Because OPM has now issued a reconsideration decision, which affords the Board jurisdiction, we FORWARD this matter to the regional office for docketing as a new appeal.

The appellant filed a Board appeal, alleging that he called OPM many times regarding the calculation of his annuity benefits and was informed that he owes $12,000. Initial Appeal File (IAF), Tab 1 at 5. He disagrees with OPM's calculation of the debt, as it was based on the retirement date of December 14, 2018, which he considers to be incorrect. *Id.* The administrative judge noted that Board may not have jurisdiction over the appeal because it appeared that OPM had not issued a final decision regarding the overpayment of the appellant's annuity benefits under the Federal Employees' Retirement System (FERS). IAF, Tab 2 at 1-2. She ordered the appellant to file evidence and argument on the jurisdictional issue. *Id.* at 2. The appellant did not respond. The administrative judge issued an initial decision finding that, "[a]bsent a final decision concerning a retirement matter," the Board lacked jurisdiction over the appeal. IAF, Tab 3, Initial Decision (ID) at 3-4.

The appellant has filed a petition for review, alleging that, in a prior appeal, he was promised that he would receive a lump sum annuity benefit and

that his retirement would become effective on June 1, 2016, neither of which took place.[2] Petition for Review (PFR) File, Tab 1 at 10. He provides a June 15, 2020 reconsideration decision from OPM finding that he was overpaid $12,071 in FERS annuity benefits because they were not reduced to account for his entitlement to Social Security Disability Insurance Benefit. *Id.* at 4-8. OPM has filed a response. PFR File, Tab 4.

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). The Board has jurisdiction over OPM determinations affecting an individual's rights or interests under FERS only after OPM has issued a final decision. 5 C.F.R. § 841.308. An appealable OPM decision may take the form of a final decision on reconsideration of an initial determination or a final decision without the opportunity for reconsideration. 5 C.F.R. §§ 841.306-841.308.

Here, the administrative judge properly found that the Board did not have jurisdiction over the appeal because OPM had not issued a final decision regarding the overpayment of the appellant's annuity benefits at the time the initial decision was issued.[3] ID at 3-4; *see* 5 U.S.C. § 8461(e) (permitting appeals to the Board from administrative actions or orders affecting rights under FERS);

---

[2] The appellant's previous appeal was *Jarrett v. Office of Personnel Management*, MSPB Docket No. CH-844E-18-0402-I-1.

[3] The administrative judge cited to regulations and cases relevant to establishing jurisdiction over a retirement matter under the Civil Service Retirement System (CSRS). ID at 3. However, we find no reason to disturb the initial decision because such an error does not affect the outcome of the appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). The applicable laws and regulations under both FERS and CSRS require the issuance of a final decision by OPM for the Board to have jurisdiction over a retirement matter. *Compare* 5 U.S.C. § 8461(e)*, and* 5 C.F.R. § 841.308, *with* 5 U.S.C. § 8347(d)*, and* 5 C.F.R. § 831.110.

5 C.F.R. § 841.308 (stating that a party whose rights and interests under FERS are affected by an OPM final decision may request the Board to review OPM's decision).  However, OPM has now issued a reconsideration decision in this matter.  PFR File, Tab 1 at 4-8.  The appellant's June 23, 2020 submission, which contains a copy of OPM's June 15, 2020 reconsideration decision, was filed with the Board within 30 days of the date of that decision.  *Id.*  Thus, we find that the appellant's request to appeal OPM's reconsideration decision is timely.  *See* 5 C.F.R. § 1201.22(b) (stating that an appeal must be filed with the Board no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later).

Accordingly, we deny the appellant's petition for review and forward his June 23, 2020 submission to the regional office for docketing as a new appeal of OPM's June 15, 2020 reconsideration decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012.** This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:     _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.